OPINION
{¶ 1} Arthur R. Yount is appealing from the revocation of his five-year community control sanctions which had been imposed relative to one count of theft to which he had pled guilty. After the imposition of the community control sanctions on the theft charge, Yount again appeared before the court to enter pleas of no contest to four counts of gross sexual imposition. The State nullified one count and agreed to forego pursuing additional charges involving other victims. Yount was found guilty and ordered to return to the trial court for sentencing later, at which time the court imposed a total prison term of eight years. At the same time, the court revoked Yount's community control sanctions in the theft case and ordered him to serve twelve months in prison for the theft, consecutive to the eight year term imposed for the sex offenses. Yount brings us the following assignment of error:
 {¶ 2} "THE TRIAL COURT ERRED BY REVOKING DEFENDANT'S COMMUNITY CONTROL SANCTIONS WHEN THE DEFENDANT DID NOT VIOLATE ANY CONDITION OF COMMUNITY CONTROL SUPERVISION AND WITHOUT GIVING PROPER NOTICE OF THE COURT'S INTENT TO REVOKE DEFENDANT'S COMMUNITY CONTROL SANCTION."
 {¶ 3} The State has responded by conceding error and asking that this case be remanded to the trial court for further proceedings. The State concedes three errors in the sentencing of Yount. First, the State agrees with Yount's argument that any prison term imposed upon revocation of his community control should be limited to a maximum of nine months, whereas the court imposed a twelve month term.
 {¶ 4} The State further concedes that appellant's argument that he lacked notice setting forth the conditions for the community control he allegedly violated, and which is required, requires a reversal of the revocation. This concession by the State may not be well-founded. We could find that Yount waived notice, but in any case this issue is moot since we are sending the case back for re-sentencing.
 {¶ 5} Finally, the State concedes that Yount's community control could not be revoked on the basis of conduct that occurred before he was sentenced to community control and of which the trial court was aware when it imposed the community control sanction. As the record is silent of any reasons for revoking the community control and does not state what the alleged violations were, the State believes that this case should be remanded for further proceedings in the community control revocation.
 {¶ 6} The State is correct in conceding to the obvious errors and we commend it for its candor. We sustain the assignment of error, vacate the sentences, and remand this case back to the trial court for further proceedings consistent with this decision.
WOLFF, P.J. and FAIN, J., concur.